# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| YATIKA STARR FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-864-D |
| | ) | |
| BASELINE PROPERTIES, LLC, and | ) | |
| JOHN RICHERT, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Reconsideration of Order Granting Defendants' Motion in Limine to Exclude Testimony of Plaintiff's Expert Witness [Doc. No. 101].[1]

## BACKGROUND

Plaintiff seeks statutory damages under the Visual Artists Rights Act ("VARA") after Defendants destroyed his mural ("1219 Mural") by painting over it. *See* 17 U.S.C. § 106A(a). Following the Court's Order dated June 23, 2021 [Doc. No. 99], the issues that remain for trial are whether Defendant John Richert, as an individual, can be held liable in addition to Defendant Baseline Properties, LLC, and the issue of statutory damages.

In support of his VARA claim, Plaintiff proposed to call Helen Opper, an art appraiser, as an expert witness. Ms. Opper's expert report, which is a replacement value

---

[1] Plaintiff also filed an emergency motion [Doc. No. 102] for expedited briefing on the motion, but the Court finds that no response from Defendants is necessary before the Court considers the substance of the motion.

appraisal of the 1219 Mural, is attached to Plaintiff's motion to reconsider. [Doc. No. 101-1]. The Court previously concluded that Ms. Opper's testimony was not relevant, and granted Defendants' motion in limine to exclude her testimony at trial. *See* [Doc. No. 96]. Plaintiff now asks the Court to revisit its ruling.

## STANDARD OF DECISION

Plaintiff asserts, incorrectly, that the motion is governed by Rule 60(b) of the Federal Rules of Civil Procedure. Because no final judgment has been entered in the case, the relief requested by the motion falls within the Court's inherent authority to revise an interlocutory order at any time before the entry of a final judgment. *See Warren v. Am. Bankers Ins.*, 507 F.3d 1239, 1243 (10th Cir. 2007); *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1148 (10th Cir. 1991). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted); *see also Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012; *see also United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

## DISCUSSION

Plaintiff's reconsideration arguments are not substantively different than the arguments he presented previously in his response to Defendants' motion in limine [Doc.

2

No. 55]. Plaintiff asserts that the Court did not consider all the factors relevant to the determination of statutory damages, as presented by Plaintiff and applied in *New Atlas Dot Com, Inc. v. Pizza Inn I-40 West, Inc.*, No. CIV-11-149-D, 2012 WL 12863152 (W.D. Okla. Nov. 9, 2012), and that the Court restricted its consideration to the six factors outlined in *Castillo v. G&M Realty L.P.*, 950 F.3d 155 (2d Cir. 2020). Plaintiff also asserts that the Court took "an even narrower view than the Second Circuit" by primarily focusing on only two factors. [Doc. No. 101 at 3–4].

Drawing from copyright law, the district court in *Castillo* considered six factors relevant to a determination of statutory damages: "'(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.'" *Castillo*, 950 F.3d at 171–72 (quoting *Bryant v. Media Right Productions, Inc.*, 603 F.3d 135, 144 (2d Cir. 2010)). The Second Circuit concluded that "the district court appropriately analyzed each relevant factor." *Castillo*, 950 F.3d at 173.

In *New Atlas*, this Court identified "[s]ome factors that courts have considered in assessing statutory damages," including: "the blameworthiness of the infringer, such as whether the infringement continued after the receipt of notice and whether the infringer had engaged in other infringing conduct; the infringer's profit or gain, or lack thereof; the copyright owner's damage or loss, or lack thereof; and various other factors, such as the value of the copyright or the size of the infringer's operation or business." *New Atlas*, 2012

3

WL 12863152, at *8 (concluding there were genuine disputes of material facts regarding many of these considerations and that a bench trial was necessary to determine an award of damages).

Likewise, in *Sony BMG Music Entertainment v. Tenenbaum*, the trial court instructed the jury regarding "a set of non-exhaustive factors that the jury might wish to consider in issuing its award, including: the nature of the infringement; the defendant's purpose and intent, the profit that the defendant reaped, if any, and/or the expense that the defendant saved; the revenue lost by the plaintiff as a result of the infringement; the value of the copyright; the duration of the infringement; the defendant's continuation of infringement after notice or knowledge of copyright claims; and the need to deter this defendant and other potential infringers." *Tenenbaum*, 660 F.3d 487, 503 (1st Cir. 2011); *see also Martin v. City of Indianapolis*, 4 F. Supp. 2d 808, 811 (S.D. Ind. 1998) (in determining the amount of statutory damages, the court may consider, among other things, "'the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement'") (quoting *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991)); *N.A.S. Import, Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 252 (2d Cir. 1992) (a court may consider "'the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendant's conduct, and the infringers' state of mind . . . .'" in determining statutory damages) (quoting 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.04(B), at 14–41 (1991)).

Again, the Court has found no authority to support Plaintiff's position that replacement cost of the mural is relevant to the issue of statutory damages, nor has Plaintiff cited to any such authority.

The Court's review of pattern jury instructions from other circuits also supports the Court's ruling that replacement cost is not relevant to the issue of statutory damages. The Eleventh Circuit's pattern instruction on statutory damages under the Copyright Act identifies several factors for the jury to consider in determining the appropriate amount to award, none of which are replacement cost. *See Eleventh Circuit Pattern Jury Instructions (Civil Cases)* § 9.32 (2020); *see also MidlevelU, Inc. v. ACI Info. Grp.*, 989 F.3d 1205, 1218 (11th Cir. 2021). Additionally, the Seventh Circuit's pattern instruction on statutory damages does not reference replacement cost. *See Federal Civil Jury Instructions of the Seventh Circuit*, § 12.8.4. Thus, although the list of factors has been coined "non-exhaustive," there is no authority for replacement cost as a factor in determining statutory damages.

Moreover, contrary to Plaintiff's assertion, the Court in its previous order did not limit itself to the six factors in *Castillo* or focus on only two factors in deciding that replacement cost was not relevant. The Court has conducted an extensive search regarding the factors that courts use in assessing statutory damages in the context of VARA and copyright infringement cases, and found no authority for Plaintiff's position.

Additionally, although Plaintiff attempts to recharacterize Ms. Opper's appraisal as a fair market value analysis of the destroyed mural, fair market value is generally a factor in considering actual damages, not statutory damages. In *Cohen*, the trial court instructed

5

the jury that it could consider the "loss of the fair market value of the work that was destroyed, as measured by the price a willing buyer would pay a willing seller in the marketplace" in determining whether the plaintiff suffered actual damages. [Doc. No. 54-1 at 13]; *see also Cohen v. G&M Realty L.P.*, 320 F. Supp. 3d 421, 445–47 (E.D.N.Y. 2018). The statutory damages instruction, however, did not reference replacement cost or fair market value.[2] Additionally, "[s]tatutory damages and actual damages are distinct under the Copyright Act." *See Narkiewicz-Laine v. Doyle*, 930 F.3d 897, 903 (7th Cir. 2019). "[S]tatutory damages compensate for harms different from actual loss." *Id*.

Even though Ms. Opper's appraisal indicates that three of Plaintiff's works were sold to private collectors—Halfmoon for $11,500; Rapture Woe for $8,500; and Sage and Sweetgrass for $11,000—none of these were near her estimated replacement value of $32,000 for the 1219 Mural. [Doc. No. 101-1 at 27–29]. Further, the three works were oil paintings, not murals painted on the exterior of a building. The Court determined in its prior order that such testimony was not helpful to the jury, but ruled, however, that Plaintiff could testify about the sale of his works to private collectors. *See, e.g., United States v. Adams*, 271 F.3d 1236, 1245 (10th Cir. 2001) (holding that expert testimony that "does nothing but vouch for the credibility of another witness encroaches upon the jury's vital and exclusive function to make credibility determinations" and does not assist the trier of fact); *United States v. Hill*, 749 F.3d 1250, 1261 (10th Cir. 2014) (concluding that the

---

[2] It read, in part, "In considering the amount of the award, you should consider [the defendant's] state of mind, the profits earned by [the defendant], the revenue lost by the [p]laintiffs, the deterrent effect on both [the defendant] and on third parties in the future, and the conduct and attitude of the parties." [Doc. No. 54-1 at 14–15].

credibility of witnesses is not an appropriate subject for expert testimony). Accordingly, the Court finds that Ms. Opper's testimony does not relate to any issue in the case; therefore, it is not relevant.

## CONCLUSION

Having thoroughly considered the Court's prior ruling, the case's overall progress and posture, and the grounds for reconsideration noted in *Servants of Paraclete*, the Court finds no intervening change in the controlling law, no new evidence, and no clear indication that the Court erred in its prior ruling. Accordingly, Plaintiff's Motion for Reconsideration of Order Granting Defendants' Motion in Limine to Exclude Testimony of Plaintiff's Expert Witness [Doc. No. 101] is **DENIED**. Plaintiff's Motion for an Expedited Briefing Schedule [Doc. No. 102] is **DENIED** as **MOOT**.

**IT IS SO ORDERED** this 1st day of July 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge